NUMBER 13-00-530-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


KEVIN LEE EDWARDS , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 36th District Court

of Aransas County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


A jury convicted appellant, Kevin Lee Edwards, of burglary of a habitation, and the trial court sentenced him to ten years in
prison. The question raised on appeal is whether appellant's motion to suppress evidence was properly overruled and
whether the evidence, the fruits of the burglary, should have been admitted. We affirm.

I. Background

The evidence subject to the motion to suppress was found in the back seat of a Toyota automobile when appellant was
arrested. Appellant claims the evidence was improperly seized through an unlawful warrantless arrest, and should have
been suppressed. The trial court denied the motion after a pre-trial hearing, and again when the objection was raised during
the trial itself. In determining whether the State met its burden we consider both the testimony adduced during the
suppression hearing and the trial on the merits. (1)

 The State's chief witness, Deputy Mark Mutschler, testified that he was called to a home at 315 St. Francis where a woman
told him that she had seen two intruders, a male and a female, downstairs in the home. She told Mutschler that the male
was wearing gray sweats and a ball cap and that both of them fled in a maroon Toyota which had F24 as the first three
digits of its license plate. About fifteen to twenty minutes later Mutschler saw a maroon Toyota parked in the driveway of
a home at 1101 Weeping Willow. He also saw appellant, who was wearing gray sweats and a ball cap, hurriedly get into
the passenger side of the Toyota. A female was in the driver's seat. They tried to drive away, but Mutschler blocked the
Toyota in the driveway and noticed "F24" on its license plate. He drew his gun and detained the subjects in the car. He
asked appellant why he was at the residence, and appellant gave him "a concocted story." Muschler saw a TV, two long
gun cases, a power washer, and an attache case in plain view inside the Toyota. About ten minutes later the homeowner,
Robert Leach, arrived and told Mutschler that the property in the Toyota belonged to him and that appellant did not have
permission to go into his home.

 

II. AnalysisBy point one appellant asserts that the trial court erred in denying his motion to suppress evidence seized pursuant to his
warrantless arrest in violation of article 1, section 9 of the Texas Constitution and articles 1.06, 14.03(1), and 38.23 of the
Texas Code of Criminal Procedure. By point two he asserts that the trial court's denial of the motion denied him due
process of law under the Fourth and Fourteenth Amendments to the U.S. Constitution. When an accused seeks to suppress
evidence because of an allegedly illegal arrest the accused has the initial burden to rebut the presumption of proper police
conduct. Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). The accused meets this burden by proving that police
seized him without a warrant. See id. Once the accused establishes that a warrantless search or seizure occurred the burden
shifts to the State either to produce evidence of a warrant or to prove the reasonableness of the search or seizure. Id. Here
the State did not have a warrant for appellant's arrest or a warrant to search the Toyota. The burden therefore shifted to the
State to show the reasonableness of the search and seizure. Id.

 In Zayas v. State, 972 S.W.2d 779, 785 (Tex. App.-Corpus Christi 1998, pet. ref'd) we stated that the fact of an illegal
arrest is not necessarily dispositive on the issue of whether the trial court may admit evidence seized during the course of an
investigation. We noted that the plain-view doctrine provides that, if an officer perceives a suspicious object while lawfully
engaged in an activity in a particular place, that officer may immediately seize the object. Id. The seizure is
presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity. Id. It need
not be "immediately apparent" that the items are of an incriminatory nature. Id.

 Thus our initial inquiry is whether Deputy Mutschler was lawfully engaged in an activity when he saw the stolen items
inside the Toyota. An officer can make an investigative stop when he or she lacks probable cause to arrest but nonetheless
has a reasonable suspicion; that is, the officer is able to point to specific, articulable facts that, taken together with rational
inferences from those facts, reasonably warrants the detention. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997). These facts must amount to more than a mere hunch or suspicion. Id. The articulable facts used by the officer must
create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to
connect the detainee with the unusual activity, and some indication the unusual activity is related to crime. Id.

 We hold that Deputy Mutschler had articulable facts sufficient to create a reasonable suspicion that some activity out of the
ordinary was occurring or had occurred which connected appellant to the unusual activity and was related to the crime. 
Deputy Mutschler was called to a home at 315 St. Francis where two people had entered the home without consent. The
male intruder wore gray sweats and a ball cap. The intruders left in a maroon Toyota with a license plate containing the
numbers "F24." Around fifteen to twenty minutes later Mutschler saw appellant, wearing gray sweats and a ball cap,
hurriedly get into the passenger side of a maroon Toyota bearing a license plate containing the numbers "F24."

 The prior identification of appellant and the car gave Mutschler an articulable and reasonable suspicion that appellant was
involved in the unlawful entry of the home at 315 St. Francis. Upon recognizing appellant to meet the identification of the
intruder, Mutschler stopped appellant to investigate further his potential involvement in the intrusion. At that point he saw
property in plain view in the Toyota. At the time Mutschler saw the property he was lawfully engaged in an activity in a
particular place: he was conducting an investigatory stop related to the intrusion reported earlier. Thus the property which
he saw in plain view during his conduction of that stop is admissible into evidence against appellant under the plain-view
doctrine. See Zayas, 972 S.W.2d at 785-86. Accordingly we hold that the trial court was correct in denying the motion to
suppress. We overrule issues one and two.

Extraneous Offense

By point three appellant asserts that the trial court erred by admitting evidence of an extraneous offense. The State sought
to introduce before the jury the facts concerning appellant's entry into the home at 315 St. Francis to prove appellant's
intent, motive, preparation, plan, or knowledge concerning the burglary of the Leach home. Counsel objected on the basis
that rule 404 of the Texas Rules of Evidence prevented admission of this evidence. The trial court overruled the objection.

During trial on the merits Deputy Mutschler testified about the intrusion at 315 St. Francis and about the events leading up
to appellant's detention in the driveway of the Leach home. Robert Leach testified that he left his home to go to church
about 8:30 a.m. and returned around noon and saw his property inside the Toyota. This property was inside his home
before he left for church, and he did not give appellant or his female companion consent to enter his home. 

 Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in
order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity . . . ." Tex. R. Evid. 404(b). Therefore we must
determine whether the trial court could have concluded reasonably that the evidence in question was logically relevant for a
purpose other than proof of appellant's bad character. Ladd v. State, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999). We
discern no abuse of discretion in the trial court's admission of the evidence concerning appellant's entry into the home at
315 St. Francis. The trial court could have reasonably concluded that the extraneous offense evidence was admissible to
help prove appellant's intent to burglarize the Leach home. Even if we assumed arguendo that admission of the evidence
was error we do not believe the error affected appellant's substantial rights. See Tex. R. App. P. 44.2(b); Tex. R. Evid.
103(a). That is, given all of the evidence before the jury, we believe it quite unlikely that the admission of the evidence in
question had a substantial effect on the jury's verdict. We overrule point three.

 We AFFIRM the trial court's judgment.



 ______________________________

 J. BONNER DORSEY,

 Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 18th day of October, 2001.

 

1. In determining whether a trial court's suppression decision is supported by the record we generally consider only
evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later. 
Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). However this general rule is inapplicable when, as in this
case, the parties have consensually relitigated the suppression issue during trial on the merits. Id. When the State raises the
issue at trial either without objection or with subsequent participation in the inquiry by the defense the defendant has made
an election to re-open the evidence, and consideration of the relevant trial testimony is appropriate in our review. Id.